# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| CADENCE PHARMACEUTICAL, INC. | : | |
| and SCR PHARMATOP, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 11-733-LPS |
| | : | |
| PADDOCK LABORATORIES, INC.; | : | |
| PERRIGO COMPANY | : | |
| PADDOCK LABORATORIES, LLC; | : | |
| EXLEA PHARMA SCIENCES, LLC; | : | |
| EXELA PHARMASCI, INC.; and | : | |
| EXELA HOLDING, INC., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

1.  On August 8, 2011, Cadence Pharmaceuticals Inc. and SCR Pharmatop (together, "Plaintiffs") filed this action for patent infringement against Paddock Laboratories, Inc.; Perrigo Company; Paddock Laboratories, LLC; Exela Pharma Sciences, LLC; Exela Pharmsci, Inc.; and Exela Holdings, Inc. (together, "Defendants"). (D.I. 1) In their Complaint, Plaintiffs allege infringement of U.S. Patent Nos. 6,028,222 and 6,992,218 as a result of an Abbreviated New Drug Application filed by Exela Pharma Sciences, LLC, Exela Pharmsci, Inc., and Exela Holdings, Inc. (D.I. 1 at 10–11)

2.  Defendants filed their Answer on September 7, 2011. (D.I. 21) In it, among other things, Defendants assert nine affirmative defenses. (*Id.*) At issue here are Defendants' Fifth Affirmative Defense, alleging patent misuse, and Defendants' Seventh Affirmative Defense, alleging Plaintiffs have asserted invalid patent claims. (D.I. 21 ¶¶ 6–7 at 27–28)

1

3. On October 31, 2011, Plaintiffs filed a Motion to Strike Defendant's Fifth and Seventh Affirmative Defenses. (D.I. 26)

4. Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Motions to strike are generally disfavored and ordinarily are denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Sun Microsystems, Inc. v. Versata Entm't., Inc.*, 630 F. Supp. 2d 395, 400 (D. Del. 2009) (internal quotation marks omitted). "A motion to strike will not be granted where the sufficiency of the defense depends on disputed issues of facts or where it is used to determine disputed and substantial questions of law." *Weed v. Ally Financial, Inc.*, 2012 WL 2469544, at *2 (E.D. Pa. June 28, 2012). "Such a motion should be denied if disputed issues of fact or law are implicated or if the alleged insufficiency is not clearly apparent from the pleadings." *Floyd v. Black Swan Shipping Co., Ltd.*, 2001 WL 799848, at *1 (E.D. Pa. July 13, 2001) (internal quotation marks omitted). When assessing a motion to strike, the Court may only rely on the pleadings. *See Environ Products, Inc. v. Total Containment, Inc.*, 951 F. Supp. 57, 60 (E.D. Pa. 1996).

5. It appears that a majority of the District Courts within the Third Circuit that have addressed the issue have determined that the heightened pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), do not apply to the pleading of affirmative defenses. *See Bayer Cropscience AG v. Dow Agrosciences LLC*, 2011 WL 6934557, at *1 (D. Del. Dec. 30, 2011) ("While the Third Circuit has not yet opined as to whether *Twombly/Iqbal* is applicable to affirmative defenses, this Court agrees with those

2

courts that have found *Twombly/Iqbal* inapplicable to affirmative defenses."); *see also Internet Media Corp. v. Hearst Newspapers, LLC*, 2012 WL 3867165, at *3 (D. Del. Sept. 6, 2012) (agreeing with "well-articulated rationale" that "[i]n light of the differences between Rules 8(a) and 8(c) in text and purpose, [] *Twombly* and *Iqbal* do not apply to affirmative defenses, which need not be plausible to survive. [An affirmative defense] must merely provide fair notice of the issue involved.") (internal quotation marks omitted); *XpertUniverse, Inc. v. Cisco Systems, Inc.*, 2012 WL 2335938, at *7 n.3 (D. Del. June 19, 2012) (joining "the majority of the District Courts in the Third Circuit [that] have rejected the application of *Twombly* and *Iqbal*" to affirmative defenses). The Court agrees with these authorities.[1] Therefore, Plaintiffs' contention that Defendants' affirmative defenses are not pled in a manner that would satisfy *Twombly* and *Iqbal* (*see* D.I. 27 at 5 n.1) is unavailing.

6.      "Patent misuse is an affirmative defense to an accusation of patent infringement, the successful assertion of which requires that the alleged infringer must show that the patentee has impermissibly broadened the physical or temporal scope of the patent grant with anticompetitive effect." *Virginia Panel Corp. v. MAC Panel Co.*, 133 F. 3d 860, 868 (Fed. Cir. 1997) (internal quotation marks omitted). Filing of a suit for patent infringement can constitute patent misuse if the suit was filed in bad faith (i.e., "sham" litigation), based on findings that the

---

[1]*See, e.g., Weed*, 2012 WL 24695444, at *3 ("Rule 8(a), which is governed by *Twombly*, is distinct from the pleading standard that applies to Rule 8(c). Rule 8(a)(2) applies to claims (including counterclaims and cross-claims) and requires the pleader to aver 'a short and plain statement of the claims *showing* his entitlement to relief.' By contrast, Rule 8(c) sets for the standard for affirmative defenses and requires a party to affirmatively *state* any affirmative defense. In light of this distinction, the court conclude[s] that a party must merely state, not show, an affirmative defense."); *Bayer Cropscience*, 2011 WL 6934557, at *1-2 (listing reasons for conclusion).

claim is "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits" and "the baseless lawsuit conceals an attempt to interfere directly with the business relationships of a competitor." *Prof. Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60–61 (1993) (internal quotation marks omitted). However, pursuant to 35 U.S.C. § 271(d)(3), "[n]o patent owner otherwise entitled to relief for infringement or contributory infringement of a patent shall be denied relief or deemed guilty of misuse or illegal extension of the patent right by reason of his having . . . sought to enforce his patent rights against infringement or contributory infringement . . . ." "It is not patent misuse to bring suit to enforce patent rights *not* fraudulently obtained." *C.R. Bard, Inc. v. M3 Systems, Inc.*, 157 F. 3d 1340, 1373 (Fed. Cir. 1998) (emphasis added). On the other hand, "[o]bviously, if the patentee knows that the patent is invalid, unenforceable, or not infringed, yet represents to the marketplace that a competitor is infringing the patent, a clear case of bad faith representation is made out." *Zenith Elec. Corp. v. Exzec, Inc.*, 182 F. 3d 1340, 1354 (Fed. Cir. 1999).

6. The Court will not strike Defendants' Fifth Affirmative Defense, asserting patent misuse. Defendants predicate their patent misuse affirmative defense on the paragraph IV notification letter they provided to Plaintiffs prior to the filing of the instant suit. (D.I. 21 ¶ 5 at 27–28) In that letter, Defendants provide a detailed explanation of how, in Defendants' view, the patents-in-suit are not infringed by Defendants' proposed ANDA product, and how (in any event) the patents-in-suit are invalid and/or unenforceable. Defendants contend that "[d]espite this information, Plaintiffs and their counsel filed the present suit with no reasonable bases for doing so" and, "[a]s such, Plaintiffs have attempted to extend the scope of the '218 and '222 patents beyond their legally permissible scope with intended anticompetitive effects." (D.I. 21 ¶ 5 at 28)

4

Although Defendants have not nearly proven the purported facts on which their patent misuse defense is based (and may never do so), neither does the Court perceive any clear deficiency in the pleading that would justify the relief of striking the affirmative defense and removing it from this case. *See Cipollone v. Liggett Group*, 789 F.2d 181, 188 (3d Cir. 1986) ("[A] court should not grant a motion to strike a defense unless the insufficiency of the defense is 'clearly apparent.' The underpinning of this principle rests on a concern that a court should refrain from evaluating the merits of a defense where, as here, the factual background for a case is largely undeveloped.") (internal citations omitted). Plaintiffs have adequate notice of Defendants' allegations.[2]

7. Turning to Defendants' Seventh Affirmative Defense, pertinent is 35 U.S.C. § 288, which states:

> Whenever, without deceptive intention, a claim of a patent is
> invalid, an action may be maintained for the infringement of a
> claim of the patent which may be valid. The patentee shall recover
> no costs unless a disclaimer of the invalid claim has been entered
> at the Patent and Trademark Office before the commencement of
> the suit.

Defendants contend that § 288 bars Plaintiffs from recovering costs because Plaintiffs did not enter a disclaimer of their invalid claims at the PTO prior to commencement of this suit. (D.I. 21 ¶ 7 at 28)

8. It is undisputed that Plaintiffs did not file a disclaimer prior to filing suit. It is likewise undisputed that there has been, as yet, no finding that any claim of the patents-in-suit is

---

[2]Plaintiffs' contend that an affirmative defense of patent misuse must be pled with particularity to satisfy Federal Rule of Civil Procedure 9(b). (*See* D.I. 35 at 2) However, "[i]t is unclear from the pleadings whether the defense sounds in fraud and this Court is unaware of any cases that hold that patent misuse claims inherently sound in fraud." *Bayer Cropscience*, 2011 WL 6934557, at *4.

either invalid or unenforceable. Plaintiffs cite persuasive authority, in the form of non-precedential decisions from the Federal Circuit and this District, to the effect that § 288 applies only when patent litigation is commenced *after* a determination of invalidity. *See Bradford Co. v. Jefferson Smurfit Corp.*, 2001 WL 35738792, at *1, 7 (Fed. Cir. Oct. 31, 2001) ("[W]e disagree that section 288 obligated [plaintiff] to guess about the invalidity of its patent claims *before* a jury or some other authority had even ruled on their validity and that [plaintiff] therefore had to file a disclaimer about those claims' validity before filing suit . . . . [Defendant] overlooks the language of [§ 288] itself, which requires that a disclaimer of the invalid claim be entered at the Patent Office '*before the commencement of the suit*.' Obviously, then, there must have been a prior determination of invalidity before the patent-infringement suit for which costs are now sought.") (internal citation omitted; emphasis added); *Cordance Corp. v. Amazon.com, Inc.*, 631 F. Supp. 2d 484, 503 (D. Del. 2009) (explaining that § 288 "addresses a situation where 'a claim of a patent *is invalid*,'" but "an issued patent is presumed valid," so if no finding regarding validity of a patent claim "was made by an entity prior to the commencement of this suit . . . section 288 is not implicated").[3] Indeed, the Federal Circuit has observed that the argument essentially relied on here by Defendants "borders on the ridiculous." *Bradford*, 2001 WL 35738792, at *7. Nevertheless, Defendants cite to arguably inconsistent authority from the

---

[3]Contrary to Plaintiffs' assertion, *Cordance* is not "precedential authority." (D.I. 34 at 4) *See Threadgill v. Armstrong World Industries, Inc.*, 928 F.2d 1366, 1371 (3d Cir. 1991) ("[T]here is no such thing as 'the law of the district.' . . . The doctrine of *stare decisis* does not compel one district court judge to follow the decision of another. Where a second judge believes that a different result may obtain, independent analysis is appropriate.") (internal quotation marks and citations omitted); *Mosel Vitelic Corp. v. Micron Technology, Inc.*, 162 F. Supp.2d 307, 311 (D. Del. 2000) ("[W]hile the opinion of one district judge may be found to be persuasive, it is not binding on another district judge (even if that judge happens to sit in the same district).").

Supreme Court and the Third Circuit, among others, construing the predecessor statute to § 288

(Rev. Stat. 4922). (*See* D.I. 31 at 7–11 (citing, *inter alia*, *O'Reilly v. Morse*, 56 U.S. 62, 120-21

(1853); *Novelty Glass Mfg. Co. v. Brookfield*, 172 F. 221, 222-23 (3d Cir. 1999))). A motion to

strike is not the appropriate vehicle to resolve this disputed question of law. *See Cipollone*, 789

F.2d at 188; *Floyd*, 2001 WL 799848, at *1. Therefore, the Court will not strike Defendants'

Seventh Affirmative Defense. *See generally Sun Microsystems, Inc. v. Versata Enterprises, Inc.*,

630 F. Supp.2d 395, 411-12 (D. Del. 2009) (denying motion to strike affirmative defense

asserted under 35 U.S.C. § 288).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Strike (D.I. 26) is

**DENIED**.

_____
UNITED STATES DISTRICT JUDGE