IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CADENCE PHARMACEUTICALS, INC. and SCR PHARMATOP, <br><br> Plaintiffs, <br><br> v. <br><br> PADDOCK LABORATORIES, INC., PERRIGO COMPANY, PADDOCK LABORATORIES, LLC, EXELA PHARMA SCIENCES, LLC, EXELA PHARMSCI, INC., and EXELA HOLDINGS, INC., <br><br> Defendants. | C.A. No. 11-733(LPS)(MPT) <br><br> **REDACTED** |

## STIPULATION AND ORDER TO PROVIDE DISCOVERY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CADENCE PHARMACEUTICALS, INC. and SCR PHARMATOP, <br><br> Plaintiffs, <br><br> v. <br><br> PADDOCK LABORATORIES, INC.; PERRIGO COMPANY; PADDOCK LABORATORIES, LLC; EXELA PHARMA SCIENCES, LLC; EXELA PHARMSCI, INC.; and EXELA HOLDINGS, INC.; <br><br> Defendants. | C.A. No. 11-733 (LPS)(MPT) <br><br> **REDACTED** |

## STIPULATION AND ORDER TO PROVIDE DISCOVERY

This stipulation is made by and between Plaintiffs Cadence Pharmaceuticals, Inc. and SCR Pharmatop (collectively "Plaintiffs"); Defendants Paddock Laboratories, Inc., Perrigo Company, and Paddock Laboratories, LLC (collectively "Paddock"); ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

WHEREAS, Plaintiffs sued Paddock for patent infringement based on Paddock's filing of ANDA No. 202605 to make acetaminophen injection 10 mg/mL, 100 mg vial products, resulting in the above-captioned litigation (the "Action");



WHEREAS, Plaintiffs have filed a Motion for Leave to File an Amended Complaint (D.I. 205) ███████████████████████████████████ ("the Motion");

███████████████████████████████████████████████████████████████████

NOW THEREFORE, Plaintiffs, Paddock, ███████████████ by and through their respective undersigned representatives, stipulate and agree as follows:

1. Plaintiffs agree to withdraw the Motion concurrently with the filing of this Stipulation.

2. ███████████████████████████████████████████████

3. ███████████████ each agree to be bound by any settlement, judgment or order entered into by or rendered as to Paddock in the Action (including appeals) with respect to any issues that are or could be raised in this Action as if they were named defendants.

4. ███████████████ each agree that they will search for and produce to Paddock the documents in Appendix A, to the same degree as and as if they were responding to discovery under the Federal Rules of Civil Procedure, and Paddock agrees to produce such discovery to Plaintiffs.

5. ███████████████ and Paddock further agree to respond to a limited number of reasonable follow-up document requests if the initial production of documents referenced in paragraph 3 or other discovery suggests additional relevant documents exist whose collection would not be unduly burdensome.

6. Plaintiffs may conduct a 30(b)(6) deposition of ▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇ by serving deposition notices on Paddock, without need for service of subpoenas or other process.

7. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ admits that the Court has jurisdiction over them, and this stipulation shall not be used in this or any other proceeding as evidence that the Court has jurisdiction over ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

8. ▇▇▇▇▇▇▇▇▇▇▇▇ agree that the Court has jurisdiction over them to enforce a settlement, judgment or order referred to in paragraph 2 and to resolve any disputes arising out of the discovery procedures referred to in paragraphs 3, 4 and 5.

9. For clarity, the above paragraphs do not waive any objections or defenses to the provision of discovery that is generally available to parties, such as lack of relevance or privilege.

So Stipulated,

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | POTTER ANDERSON & CORROON LLP |
|---|---|
| /s/ Thomas C. Grimm | /s/ David E. Moore |
| Jack B. Blumenfeld (#1014) | Richard L. Horwitz (#2246) |
| Thomas C. Grimm (#1098) | David E. Moore (#3093) |
| Jeremy A. Tigan (#5239) | 1313 N. Market Street |
| 1201 N. Market Street | Hercules Plaza, 6th Floor |
| P.O. Box 1347 | Wilmington, DE 19801 |
| Wilmington, DE 19899-1347 | (302) 984-6000 |
| (302) 658-9200 | rhorwitz@potteranderson.com |
| jblumenfeld@mnat.com | dmoore@potteranderson.com |
| tgrimm@mnat.com | *Attorneys for Defendants Paddock Laboratories* |
| jtigan@mnat.com | *Inc., Paddock Laboratories, LLC, Perrigo* |
| *Attorneys for Plaintiffs Cadence Pharmaceuticals,* | *Company, Tecnimede Group, and Solupharm* |
| *Inc. and SCR Pharmatop* | *Pharmazeutische Erzeugnisse GmbH* |

Dated: October 9, 2012

Public Version Dated:
October 24, 2012

SO ORDERED this ___ day of October, 2012.

_____
United States District Judge

## APPENDIX A

### Definitions and Instructions



1.

2.

3.  The term "Paddock" shall refer, collectively or singly, to Paddock Laboratories, Inc., Perrigo Company, and Paddock Laboratories, LLC, and each of their predecessors, successors, parents, affiliates, subsidiaries, directors, units and divisions, and each of their directors, officers, agents, employees, attorneys, representatives, and any other person acting or purporting to act under their control or on their behalf.

4.  The term "OFIRMEV®" means the drug for which Cadence holds approved New Drug Application No. 022450.

5.  The term "PERFALGAN®" means the aqueous acetaminophen formulation sold abroad by Bristol-Myers Squibb.

6.  The term "Paddock ANDA" means Abbreviated New Drug Application No. 20-2604, including any supplements, amendments, or revisions thereto.

7. The term "Paddock Generic Product" means any generic product(s) encompassed by Abbreviated New Drug Application No. 20-2604, including any supplements, amendments, or revisions thereto.

8. The term "the Patents-in-Suit" means U.S. Patent No. 6,028,222 and U.S. Patent No. 6,992,218, collectively.

9. The term "the FDA" means the U.S. Food and Drug Administration.

10. The term "concerning" (including any conjugation thereof) means directly or indirectly relating to, regarding, evidencing, mentioning, describing, pertaining to, reflecting, comprising, or constituting upon a subject matter.

11. The terms "documents" and "things" mean any material (including electronically stored information) encompassed by FEDERAL RULE OF CIVIL PROCEDURE 34(a), as well as any material encompassed by FEDERAL RULE OF EVIDENCE 1001.

12. The term "communication" refers to any transmission, exchange, or transfer of information by any means, including without limitation, meetings, telephone conversations, emails, correspondence, memoranda, contracts, agreements, and verbal actions intended to or actually conveying information or data.

13. The terms "any" and "all" should be understood to include "each and every."

14. The terms "and" and "or" should be understood either disjunctively or conjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope.

15. The term "including" means including but not limited to.

16. Each requested document shall be produced in its entirety, including all attachments and enclosures. If a portion of a document is responsive to a request, produce the

entire document, including all attachments, enclosures, and any other matter physically attached to the document. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

17. If, in responding to these requests, any ambiguity is claimed in interpreting either a request or a definition or instruction applicable thereto, such claim may not be used as a basis for refusing to respond, but as part of the response to the request the language deemed to be ambiguous and the interpretation used in responding to the request shall be set forth.

**Requests for Production**



**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to identify each intended or actual function served by each component in the Paddock Generic Product.



**REQUEST FOR PRODUCTION NO. 9:**

All documents and things concerning any analysis, study, test, or evaluation of OFIRMEV® considered in the course of development of the Paddock Generic Product.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and things concerning any analysis, study, test, or evaluation of PERFALGAN® considered in the course of development of the Paddock Generic Product.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and things concerning any unsuccessful effort or attempt by ▮▮▮ ▮▮▮▮▮▮▮ formulate an intravenous acetaminophen product.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and things concerning the use of any aspect of a commercial formulation of OFIRMEV® or PERFALGAN® to develop the Paddock Generic Product.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and things concerning the use of any information set forth in the Patents-in-Suit during the development of the Paddock Generic Product.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and things comprising any laboratory notebooks ████████
████████████████████████████████████████████████████████████████████

**REQUEST FOR PRODUCTION NO. 15:**

All documents and things comprising any laboratory notebooks ████████
████████████████████████████████

**REQUEST FOR PRODUCTION NO. 16:**

All documents and things concerning any experimental intravenous formulations of acetaminophen developed, analyzed, tested, or evaluated by ████████████
████████████████

**REQUEST FOR PRODUCTION NO. 17:**

All documents and things concerning each agreement, contract or understanding to which ████████████████ is a party that concerns the Paddock Generic Product.

**REQUEST FOR PRODUCTION NO. 18:**

All documents supplied by ████████████████ Paddock for compilation and preparation of the Paddock ANDA.

5

**REQUEST FOR PRODUCTION NO. 19:**

All documents and things concerning any activities performed or assistance provided by ███████ in connection with compiling, preparing, and filing the Paddock ANDA.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and things that refer or relate to any activities performed or assistance provided by ███████ in connection with processing the Paddock ANDA for approval, including making any changes or amendments to the Paddock Generic Product or the Paddock ANDA to facilitate regulatory approval of the Paddock ANDA, and responding to any FDA request ███████████████████████████

**REQUEST FOR PRODUCTION NO. 21:**

All documents provided by Paddock to ███████ concerning the Paddock ANDA or the Paddock Generic Product.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and things concerning ███████████████████████████

**REQUEST FOR PRODUCTION NO. 23:**

All documents and things concerning ███████████████████████████

**REQUEST FOR PRODUCTION NO. 24:**

All documents and things concerning ███████████████████████████

6

**REQUEST FOR PRODUCTION NO. 25:**

All documents and things concerning █████████████████████
████████████████████████████████████████████████████████
████████████████████████

# EXHIBIT 1

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on October 24, 2012, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on October 24, 2012, the attached document was Electronically Mailed to the following person(s):

Jack B. Blumenfeld
Thomas C. Grimm
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
Cadence_Paddock@MNAT.com
*Attorneys for Plaintiff*
*Cadence Pharmaceuticals, Inc.*

Stephen P. Swinton
Darryl H. Steensma
Latham & Watkins LLP
12636 High Bluff Drive, Suite 400
San Diego, CA 92130
cadencepatentlit@lw.com
*Attorneys for Plaintiff*
*Cadence Pharmaceuticals, Inc.*

Kenneth G. Schuler
Marc N. Zubick
Latham & Watkins LLP
233 South Wacker Drive, Suite 5800
Chicago, IL 60606
cadencepatentlit@lw.com
*Attorneys for Plaintiff*
*Cadence Pharmaceuticals, Inc.*

Melissa A. Kopacz
Latham &Watkins LLP
140 Scott Drive
Menlo Park, CA 94025
cadencepatentlit@lw.com
*Attorneys for Plaintiff*
*Cadence Pharmaceuticals, Inc.*

| | |
|---|---|
| Charles A. Weiss<br>Holland & Knight LLP<br>31 West 52nd Street<br>New York, NY 10019<br>charles.weiss@hklaw.com<br>*Attorneys for Plaintiff SCR Pharmatop* | Adam W. Poff<br>Pilar G. Kraman<br>Young Conaway Stargatt & Taylor, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>exela@ycst.com<br>*Attorneys for Defendants Exela Pharma Sciences, LLC, Exela Pharmsci, Inc., and Exela Holdings, Inc.* |
| Anthony H. Son<br>Wiley Rein LLP<br>1776 K Street NW<br>Washington, DC 20006<br>ason@wileyrein.com<br>*Attorneys for Defendants Exela Pharma Sciences, LLC, Exela Pharmsci, Inc., and Exela Holdings, Inc.* | |

By: /s/ *David E. Moore*
  Richard L. Horwitz
  David E. Moore
  POTTER ANDERSON & CORROON LLP
  Tel: (302) 984-6000
  rhorwitz@potteranderson.com
  dmoore@potteranderson.com

1028874 / 37238

2