# Morris, Nichols, Arsht & Tunnell LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347
___

(302) 658-9200
(302) 658-3989 FAX

THOMAS C. GRIMM
(302) 351-9595
(302) 425-4661 FAX
tgrimm@mnat.com

November 5, 2012

**BY E-FILING**

The Honorable Leonard P. Stark
United States District Court
  for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re: *Cadence Pharmaceuticals, Inc., et al. v. Paddock Laboratories, Inc., et al.*, C.A. No. 11-733 (LPS)

Dear Judge Stark:

**Introduction**: Plaintiffs Cadence Pharmaceuticals, Inc. and SCR Pharmatop submit this letter brief in support of their Request for International Judicial Assistance to obtain the oral deposition of Mr. Jehan-Yves Drouin, a resident of France (D.I. 201), and in response to Defendants' opposition to Plaintiffs' request and Defendants' separate Request for International Judicial Assistance (D.I. 207).

Plaintiffs advise the Court that the parties' dispute has narrowed substantially. Both sides have requested a deposition under the Hague Convention and Plaintiffs do not oppose Defendants' separate request. Moreover, Plaintiffs have agreed to all of Defendants' proposed deposition topics. Thus, the only remaining question is whether the two Hague requests, one from Plaintiffs and one from Defendants, should be submitted to the French authority separately, or as one.

Although this dispute may seem trivial, Plaintiffs believe that Defendants' request will involve additional delay and invoke substantive and procedural objections from the French authority. Although Plaintiffs don't object to Defendants' *separate* request, they are concerned that procedural and substantive delays that Defendants have already imposed – and that their request will invoke once approved – may preclude *any* deposition by *any* party prior to the December 20, 2012 fact discovery deadline. Plaintiffs seek to ensure that Defendants' belated,

separate request does not operate to effectively block legitimate discovery initiated months ago by Plaintiffs.

**Background**: Plaintiffs are the owner and exclusive licensee of the Patents-in-Suit. PERFALGAN, the first commercial embodiment of the foreign counterparts to the Patents-in-Suit, was initially developed by a Bristol-Myers Squibb ("BMS") subsidiary in France and the proposed deponent, Mr. Jehan-Yves Drouin, has significant knowledge concerning that development and other matters relevant to issues in this case.

Plaintiffs first identified Mr. Drouin to Defendants as a potential witness on May 15, 2012. Defendants made no independent effort to pursue discovery of Mr. Drouin.

Plaintiffs initiated independent efforts to obtain Mr. Drouin's deposition in France through negotiations with BMS, Mr. Drouin's employer. BMS agreed to produce Mr. Drouin in France pursuant to a formal request under the Hague Convention, but specifically declined to produce documents. When Plaintiffs provided notice to Defendants of their intent to depose Mr. Drouin in France pursuant to BMS's proposal, Defendants responded that they would not consent to Plaintiffs' proposed Hague request unless *Plaintiffs* agreed to seek certain documents and include additional deposition topics.

As set forth below, because Defendants' document requests were not necessary for Plaintiffs' deposition and would unduly delay the deposition and potentially jeopardize Plaintiffs' ability to obtain Mr. Drouin's deposition, Plaintiffs declined to adopt Defendants' requests. Instead, Plaintiffs suggested that Defendants prepare a separate request and that *both* requests – one for deposition and one for documents – be submitted jointly but separately to the French authority. Defendants declined and have insisted that *only* their combined request for both deposition and documents be submitted. Based upon recent communications with Defendants' counsel, Plaintiffs understand that Defendants have not changed their position.

**Argument**: Deposition requests under the Hague Convention fall into two categories: (a) Letters of Request under Chapter I; and (b) depositions overseen by a commissioner under Chapter II. Chapter I requests require the receiving authority to compel discovery, whereas Chapter II is used when the party being served does not oppose the request. *When a deposition includes document requests, Chapter I must be used.*

In light of Defendants' delay in initiating their discovery of Mr. Drouin, the difference is significant. Requests under Chapter II typically are processed more quickly than requests under Chapter I. Additionally, BMS has advised the parties that while they agree to produce Mr. Drouin for deposition they cannot agree to produce documents without a Request under Chapter I because certain documents which Defendants demand will implicate the French Blocking Statute and result in additional disputes in France.

Because BMS has agreed to produce a witness for Plaintiffs' requested deposition and Plaintiffs do not believe that Defendants' documents are necessary for that examination,

Plaintiffs' request for a deposition can be made under Chapter II of the Hague Convention and could have been submitted and approved already. Defendants' request, on the other hand, which includes the production of documents, *must be made under Chapter I.*

Because of the different nature, timing, and anticipated objections to the parties' requests, Plaintiffs proposed that the parties jointly submit two separate requests. Defendants refused, arguing that their request trumps Plaintiffs' request and that if the requests are not submitted as one, then they will continue to oppose Plaintiffs' request.

There is no basis to deny Plaintiffs' request, given that, once approved by this Court, it will be self-executing in France while Defendants' Chapter I request may be denied by French authorities. Since Mr. Drouin plainly possesses discoverable information, the request for assistance with regard to procuring his deposition plainly falls within the ambit of FEDERAL RULE OF CIVIL PROCEDURE 26(b)(1), which permits Plaintiffs to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Moreover, Defendants' lone objection – that they seek additional discovery from BMS – is not one recognized by FEDERAL RULE OF CIVIL PROCEDURE 26(b)(2). Indeed, Defendants effectively seek to hold Plaintiffs' oral deposition of Mr. Drouin hostage and to make the taking of indisputably relevant testimony conditional. Courts have repeatedly rejected this strategy. *See, e.g., Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 680-81 (C.D. Cal. 2009); *Lumbermens Mut. Casualty Ins. Co. v. Maffei*, No. 3:03-cv-262, 2006 WL 2709835, at *5 n.21 (D. Alaska 2006).

Defendants' opposition alternatively requests that the Court grant Defendants' request for a deposition under the Hague Convention.[1] A situation where opposing parties have different interests in a deposition is hardly unique in litigation. Thus, although Plaintiffs do not find the documents requested by Defendants necessary, they do not oppose Defendants' request for a deposition or the proposed additional topics. Plaintiffs do not want to (i) risk their Chapter II Request for oral deposition being delayed further, simply because Defendants' delayed in seeking discovery in France, or (ii) have Defendants' belated Chapter I Request result in a denial of the only discovery submitted to the French authority.

**Conclusion.** Given the uncertainty as to whether the French Authority will grant Defendants' Chapter I Request, Plaintiffs ask that the two requests be treated separately. Approval of Plaintiffs' Chapter II Request should not be contingent upon anything but the request itself.

---

[1] Plaintiffs note that bringing a separate request for a deposition under the Hague as part of an opposition brief to another Hague request appears to be procedurally improper.

The Honorable Leonard P. Stark
November 5, 2012
Page 4

Respectfully,

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)

TCG
cc:   Clerk of the Court (by hand)
     All Counsel of Record (by e-filing and e-mail)