IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CADENCE PHARMACEUTICALS, INC. and SCR PHARMATOP,<br><br>Plaintiffs,<br><br>v.<br><br>PADDOCK LABORATORIES, INC.; PERRIGO COMPANY; PADDOCK LABORATORIES, LLC; EXELA PHARMA SCIENCES, LLC; EXELA PHARMSCI, INC.; and EXELA HOLDINGS, INC.;<br><br>Defendants. | C.A. No. 11-733 (LPS) |

## NOTICE OF DEPOSITION OF DR. ANTHONY PALMIERI III, PH.D AND SUBPOENA FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that, pursuant to FED. R. CIV. P. 30, Plaintiffs Cadence Pharmaceuticals, Inc. and SCR Pharmatop will take the deposition upon oral examination of Anthony Palmieri III on April 4–5, 2013. The deposition will commence on April 4, 2013 at 9:00 a.m. EDT at Courtyard by Marriott, 1946 13th Avenue Drive SE, Hickory, North Carolina. The deposition may be recorded by any means permitted under the Federal Rules of Civil Procedure, including videotaping and stenographic recording before an officer authorized by law to administer oaths.

PLEASE TAKE FURTHER NOTICE that, at the deposition, Dr. Palmieri is required to produce the documents listed on Exhibit A of the Subpoena attached hereto and served herewith.

You are invited to attend and examine the witness.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Jack B. Blumenfeld (#1014)
Thomas C. Grimm (#1098)
Jeremy A. Tigan (#5239)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
tgrimm@mnat.com
jtigan@mnat.com
  *Attorneys for Plaintiffs*

OF COUNSEL:

Stephen P. Swinton
Darryl H. Steensma
LATHAM & WATKINS LLP
12636 High Bluff Drive, Suite 400
San Diego, CA  92130
(858) 523-5400

Kenneth G. Schuler
Marc N. Zubick
LATHAM & WATKINS LLP
233 South Wacker Drive, Suite 5800
Chicago, IL  60606
(312) 876-7700

Melissa A. Kopacz
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA  94025
(650) 328-4600

*Attorneys for Plaintiff Cadence*
*Pharmaceuticals, Inc.*

Charles A. Weiss
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY  10019
(212) 513-3200

*Attorneys for Plaintiff*
*SCR Pharmatop*

March 29, 2013
7088319

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| Cadence Pharmaceuticals, Inc. and SCR Pharmatop | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. ___1:11-cv-00733-LPS___ |
| Exela Pharma Sciences LLC, Exela Pharmsci Inc., and Exela Holdings Inc. | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) _____ ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Dr. Anthony Palmieri III, Ph.D.
     c/o Anthony Son, Esq., Wiley Rein LLP, 1776 K Street NW, Washington, D.C. 20006

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Courtyard by Marriott,<br>     1946 13th Avenue Drive, SE<br>     Hickory, North Carolina 28602 | Date and Time:<br>     April 4, 2013 9:00 a.m. EDT |
|---|---|

The deposition will be recorded by this method:   __stenographically and videographically__

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
See Attachment A attached hereto.

        The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    ___03/29/2013___

                *CLERK OF COURT*

                                                OR   */s/ Jeremy A. Tigan*
        _____              _____
        *Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Cadence Pharmaceuticals,Inc. and SCR Pharmatop _____ , who issues or requests this subpoena, are:

 Jeremy A. Tigan, Esq. - jtigan@mnat.com - (302) 658-9200
 Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:11-cv-00733-LPS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

## EXHIBIT A

## INSTRUCTIONS

1.      You must conduct a thorough investigation and produce all documents within your possession, custody or control, including documents in the possession, custody or control of your attorneys, accountants, investigators, experts, agents, representatives and/or anyone acting on your behalf.  The documents should be produced as they are kept in the usual course of business, or they should be organized and labeled to correspond with the document request to which they are responsive.

2.      You must produce the original documents.

## DEFINITIONS

The following definitions apply to the requests set forth below.

1.      The terms "YOU" and "YOUR" shall refer to Dr. Anthony Palmieri III and shall include any PERSON who assisted Dr. Anthony Palmieri III in the preparation of any expert witness report(s) submitted by Dr. Anthony Palmieri III in this matter.

2.      The term "DOCUMENTS" shall mean "documents" as that term is defined in Fed. R. Civ. P. 34(a), including but not limited to correspondence, memoranda, reports, affidavits, contracts, leases, invoices, receipts, checks, charge slips, notes, recordings of meetings and telephone conversations, notations in appointment books and diaries, drawings, photographs, tapes, or other sound recordings, electronically stored information, working papers, specifications, and all other papers and graphic matters similar to the foregoing, regardless of their author or origin, and however denominated, including all drafts of DOCUMENTS, as well as all copies of DOCUMENTS on which there appear any markings that do not appear on the originals thereof.

3.      The phrase "this matter" refers to this lawsuit between Cadence Pharmaceuticals, Inc. and SCR Pharmatop "Plaintiffs", and Exela Pharma Sciences, LLC, Exela Pharmsci, Inc., and Exela Holdings, Inc. filed in the District of Delaware.

## DOCUMENTS TO BE PRODUCED

Pursuant to Rules 26, 30(b)(2) and 34 of the Federal Rules of Civil Procedure, Plaintiffs request that at the commencement of the deposition Dr. Anthony Palmieri III produce and permit the inspection and copying of the following documents:

1.      All DOCUMENTS relating to YOUR compensation for YOUR study or testimony in this matter, including but not limited to bills, invoices, time records and other documentation referencing services performed on this matter or amounts incurred or charged in this matter.

7088417