IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CADENCE PHARMACEUTICAL, INC. and SCR PHARMATOP, : :  Plaintiffs, : : v.  : : EXLEA PHARMA SCIENCES, LLC; : EXELA PHARMASCI, INC.; and : EXELA HOLDING, INC., : :  Defendants. : | C.A. No. 11-733-LPS |

## MEMORANDUM ORDER

At Wilmington this 27th day of December, 2013:

**IT IS HEREBY ORDERED** that:

1.      Defendants Exela Pharma Sciences, LLC, Exela PharmSci, Inc., and Exela Holdings, Inc. (collectively, "Exela") have moved moved for reconsideration of the Court's November 14, 2013 post-trial Memorandum Opinion (D.I. 472), to the extent it concluded there was no motivation to combine the prior art cited by Exela to invalidate the asserted claims of the '218 patent (D.I. 479). Exelas's motion for reconsideration is DENIED.

2.      Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the court has patently misunderstood a party, made a decision outside the

adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991). A party may seek reconsideration only if it can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café ex rel. LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). In no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

3. Exela has failed to show that the requirements for reconsideration are met here. Exela's only contention is that "recent [November 2013] statements made to the PTO by the patentee, SCR Pharmatop ('Pharmatop'), contradict" the Court's finding that reducing dissolved oxygen in the prior art '222 patent formula would not be useful because "[o]xidation does not cause paracetamol to degrade." (D.I. 479) (quoting D.I. 472 at 23) The Court's finding, however, was that oxidation is neither the "major route" nor "primary reason" that paracetemol degrades. In context, it is clear that the Court did not find (as Exela wrongly asserts) that paracetemol (also known as acetaminophen) "does not degrade in the presence of oxygen." (D.I.

2

479 at 4)[1] More importantly, there is nothing "new" in the statement Pharmatop made to the PTO – that is, that the "key breakthrough of the '222 patent invention was the discovery by the inventors that the degradation of acetaminophen involves first an oxidative process followed by hydrolysis" (D.I. 479 Ex. 1 at 10) (emphasis added) – as largely the same statement appears in the trial record, including in Plaintiff's expert's testimony (Tr. at 1224-25, 1323-24). Indeed, the same expert's report is cited in the very statement relied on by Exela in its motion for reconsideration, as is the '222 patent itself (at col. 10, lines 41-43), which was also, obviously, part of the trial record. The "new" statement by Pharmatop to the PTO is, at most, cumulative of evidence already before the Court.[2] Furthermore, lack of motivation was not the sole basis on which the Court found Exela failed to meet its burden to invalidate the '218 patent; granting reargument would be inappropriate because it would not result in a change in the Court's order denying Exela's claim that the '218 patent is invalid. (See D.I. 476)

_____
UNITED STATES DISTRICT JUDGE

---

[1] See D.I. 480 at 3 (explaining that at trial Plaintiff's expert, Dr. Edmund Elder, "testified that Dr. Palmieri's [prior art] papers addressed the wrong problem, because they discussed pyrogallo, which is ***directly*** susceptible to oxidation, while acetaminophen is first subject to hydrolysis and then its hydrolysis degradation product (p-aminophenol) is, in turn, subject to further degradation by way of oxidation").
  The Court notes that there now appears to be some discrepancy as to whether, for acetaminophen, hydrolysis occurs first, followed by oxidation – as Dr. Elder testified at trial – or, instead, oxidation occurs first, followed by hydrolysis – as Pharmatop told the PTO in November. Regardless of the order of these steps, however, Exela has provided no persuasive basis for the Court to reconsider its finding that oxidation is not the primary or major cause of degradation of acetaminophen, in contrast to the major role oxidation plays with respect to degradation of pyrogallo.

[2] This is true even if, as Exela suggests, what is "new" is not necessarily the substance of the statement to the PTO, but the fact that the statement was made to the PTO, rendering it admissible as an admission of a party opponent. (D.I. 479 at 6)

3